United States District Court
Western District of New York

| | |
|---|---|
| United States of America, | |
| *Plaintiff* | |
| *v.* | **Memorandum in Opposition to Detention Motion** |
| Daniel Huzinec, | |
| *Defendant* | Indictment № 15-M-2043-HBS |

This summary memorandum is submitted in order to alert the Court to the reasons why the government's detention motion should not be granted in this matter.

# Defendant's Background

Daniel Huzinec has lived in Buffalo all of his 23 years. His father is Thomas Huzinec and his step mother, Gretchen Knott, are employed and will support his release. He lived in the same house for 23 years with his family before moving four months ago into his father's apartment. His father lives separately in another house.

Daniel has two step-brothers, Matthew Cardino, 32, who works at Wegmans and Christopher Cardino, 30, who works at Tops. Daniel attended St. Martins High School,(now Notre Dame), Timon High School, ECC, and received his Bachelors, in psychology from UB. He is currently enrolled in an online graduate program in psychology.

His father is a scoutmaster and Daniel himself is an Eagle Scout, this is how he came to do service as an Assistant Scout Master.

As noted in the Pretrial Report, Daniel has been working for Children and Family Services for 1 ½ years. While he was previously working in a Group Home, he has recently moved to a job which is limited to doing focusing on background checking on foster parents.

1

Thus, he is not involved in any routine contact with minors, should he be able to keep his job pending this litigation.

# Bail Resources

While Daniels does have a negative net worth, he does have some bonds worth approximately $10,000 as well as a Jeep, that is apparently in is father's name, worth about $12,000 by book value.  His mother owns an $80,000 house (tax assessment) with a mortgage of $45,000, resulting in about $35,000 equity.  His father has a home worth $60,000 with an $18,500 balance on the mortgage, with resulting equity of over $40,000. His father also owns bonds currently valued at about $14,000 and two vehicles (a Ford F-150, and a Subaru, with combined value of about $19,000.

Thus, although there is not a great deal of liquid cash available, both his parents have sufficient assets, on top of their employment income, to justify a substantial financial bond with the Court.

# There is no 15 year minimum in this case

The government and the presentence investigation report proceed on the assumption that a 15 year minimum might apply in this case.  The error of this assumption is quickly apparent when one gives attention to the actual language of the statute and compares that with the facts stated in the complaint.

18 USC §2251(a), the offense charged which would carry a 15 year mandatory minimum,  states in relevant part:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . .  any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . .

2

shall be punished as provided under subsection (e) . . .

What is "sexually explicit conduct"?  18 U.S. C. § 2256 defines this term, in relevant part:

> "sexually explicit conduct" means . . . (v) lascivious exhibition of the genitals or pubic area of any person;

The complaint alleges, relevant to this, that the defendant "admitted that he used his cell phone to take pictures of the penis of one sleeping boy" which he transferred to is computer, but, it must be added, without any indication that any such pictures were distributed to anyone.

As such, the complaint clearly fails to allege any facts to support the essential elements of  "persuades, induces, entices, or coerces any minor to engage in."  Also, since "lascivious" involves more than mere sexual display, and certainly more than explicit display of sexual organs, the mere photograph of a sleeping boy's penis cannot be categorized as a lascivious display.    To be "lascivious" the picture has to posed in such a way and such a style as to evince an intent in the scene itself to arouse prurient sexual interest in the viewer. It is not enough that the scene may in fact arouse such interest – the scene must be presented and posed in such a way as to show an intent evoke such a reaction.  Here, the complaint is totally devoid of any such allegations, and such allegations are all but impossible with the person in the photograph being asleep.

# The reasons cited by the Pretrial Report are either factually incorrect or easily addressed with conditions of release

The Pretrial Report lists several items under "assessment of nonappearance" and "assessment of danger."

3

It is first to be noted that for both Pretrial and the government, their assertions in general that "[t]here are no conditions or combination of conditions to reasonably assure the defendant's appearance in court and the safety of the community" are completely unempirical, and very frequently proven to be 100% wrong. Neither the government nor the Probation Department compares the facts of the instant case with cases in which persons previously failed to appear, or committed additional offenses pending trial, or differentiates the instant case from very similar cases where – often notwithstanding a motion or recommendation that the accused be detained - very similar cases where reasonable bail and reasonable and obvious conditions were imposed and the accused faithfully adhered to all.

Therefore, the Court has to recognize that requests for detention are largely for policy and publicity or ideological reasons, and cannot be empirically justified. In general, and in almost every case, the government and pretrial advance the case *as if there were no conditions at all – as if flight, or committing more offenses were cost free*. That is, neither the government nor the probation department will actually address how the risks they describe would remain so, if there were reasonable conditions, or what there is about the character of the defendant that permits it to be argued that he would flee  if his family stood to lose all if the defendant failed to appear.

More specifically, each of the considerations raise in the Pretrial Services Report can easily be addressed with conditions.

| ASSESSMENT OF NONAPPEARANCE: | |
|---|---|
| -Nature and circumstance of present offense | The 15 year mandatory minimum that the government announced to the media and to the Court is not applicable, as described.  Otherwise, we are unaware of a single child pornography case, much less one with a 23 year old who has lived here all his life, with support of family, and retained counsel, who has ever failed to appear. |

4

| | |
|---|---|
| -Unverified bail report | It is a simple matter to verify the report, as the defendant's family will be in court |
| -Possesses a passport and enhanced driver's license | Easily remedied by taking the passport and possibly the license, or having the defendant replace it with a regular driver's license |
| ASSESSMENT OF DANGER: | |
| -Nature and circumstance of present offense | The complaint is devoid of allegation of recent, repeated or compulsive behavior of the type described in the complaint as far as physical contact, or of continued opportunity, and any of this could easily be addressed with conditions – which the report, as typical, does not address. Moreover the conditions can easily address computer use. |
| -Current contact with minors for employment and volunteer work | As explained, the accused, should he be able to retain his job, is not in a position that would involve unsupervised contact with children.  His contacts now are primarily with prospective foster parents. But the details of this could be addressed. Again, the report assumes that there are no conditions |
| -Self disclosed untreated mental health condition | The report does not suggest any connection between this consideration and flight or danger, and fails to consider that treatment could be a condition of release. |
| -Past suicidal ideations | . . .as a 12 year old.? |
| -Admitted to physical contact with a minor age male | The suggests that guilt of some offense requires detention, but fails to state something that cannot be addressed with conditions of release |
| -Owns numerous electronic devices | The report fails to consider whether these have been seized, and programs for monitoring computer use, as in garden variety child pornography cases. |

| | |
|---|---|
| -Intentionally placed himself in multiple target risk environments | One can question the accuracy of this characterization, given his long connection with the Boy Scouts and his limited control over his assignments with his employer.  One could also say that in moving to his current position he has intentionally taken himself out of a "multiple target risk environment."  Again, the report assumes that there would be no conditions addressing such concerns, and does not intimate why such condition would not work. |

The suggestion of detention is exceedingly weak on the "flight" side.  But it is logically and legally flawed on the "danger" side and completely fails to show "clear and convincing evidence" that thoughtful conditions of release could not reasonably assure the defendant's lawful behavior pending trial.

6

# Conclusion

The motion for detention must fail.  This is not the "rare case" Congress had in mind in permitting pretrial detention, and the facts available to the Court do not suggest any difficulty setting conditions of release that will reasonably assure the appearance of the accused and his conformity with the law pending this case.

Dated: January 29, 2015                    Respectfully submitted,

/s/ Mark J. Mahoney
_____

Mark J. Mahoney
harrington A mahoney
Attorneys for Defendant
70 Niagara Street, Third Floor
Buffalo, New York 14202-3407
(716) 853-3710 (*facsimile*)
(716) 853-3700 (*voice*)
mmahoney@harringtonmahoney.com