UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

          v.

DANIEL HUZINEC,

          Defendant.

**DECISION AND ORDER**

15-MJ-2043

---

## INTRODUCTION

On January 27, 2015, federal law enforcement agents arrested defendant Daniel Huzinec ("Huzinec") while executing a warrant to search his residence for evidence of child pornography. The Government subsequently filed a complaint against Huzinec (Dkt. No. 1), charging him with sexual exploitation of a minor under 18 U.S.C. § 2251(A) and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). The Court held an initial appearance on January 27, 2015 and held a detention hearing on January 29, February 2, and February 4, 2015. At the hearings, the Government moved to detain Huzinec pending trial. Huzinec argued for release and filed a memorandum (Dkt. No. 5) opposing detention.

After considering the parties' arguments and filings, and for the reasons below, the Court grants the Government's motion for detention.

## BACKGROUND

The Government proceeded by proffer at the detention hearing and proffered two general categories of evidence that Huzinec poses a danger to the

community that conditions of release cannot address.[1]  The first category of evidence comprised pre-and post-warrant images.  Agents investigating Huzinec used a peer-to-peer network to download a number of image files from Huzinec's shared network folders.  "Many of the downloaded files depicted male children engaged in sexually explicit conduct including sexual abuse of male children by adult males, male children engaging in sexual activity with other male children, or male children posing nude in sexually explicit poses." (Dkt. No. 1 at 3.)  After executing the search warrant and seizing Huzinec's computer, agents found other images on the computer.  The second category of evidence comprised admissions.  According to the complaint and the Government's proffer, Huzinec knowingly waived his *Miranda* rights and admitted to downloading child pornography to his computer.  Huzinec allegedly admitted also to an incident in which, "during the course of his involvement with the organization involving minor age boys, he touched the penis of one boy while he was sleeping.  Daniel HUZINEC also admitted that he used his cell phone to take pictures of the penis of one sleeping boy for his own sexual gratification.  Daniel HUZINEC admitted that he transferred the pictures from his cell phone to a laptop computer." (*Id.* at 4.)  Based principally on the images and the alleged admissions, the Government argued that Huzinec poses a danger to the community that no conditions of pretrial supervision can manage.

---

[1] The Government does not allege that Huzinec poses a flight risk.

Huzinec argued for bail on several grounds.  Huzinec challenged the alleged admissions as coerced statements that forcibly tracked the language of the statutes in question.  Huzinec challenged the factual sufficiency of the Government's proffer with respect to the sexual exploitation charge.  Specifically, Huzinec denied the Government's contention that a 15-year mandatory minimum sentence under 18 U.S.C. § 2251(e) potentially applies because "the complaint clearly fails to allege any facts to support the essential elements of 'persuades, induces, entices, or coerces any minor to engage in.'"  (Dkt. No. 5 at 3.)  Huzinec also proffered that he has no criminal history, a suitable proposed residence, and family members who would be willing to post bail as sureties.

**DISCUSSION**

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.'  U.S. Const. amend. VIII.  Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'"  *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).  Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to

3

any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to danger to the community, "[t]o order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Here, defense counsel has presented Huzinec's arguments well, but several factors weigh in favor of detention. The charges that Huzinec faces are serious in nature and carry significant potential penalties. Under 18 U.S.C. § 3142(e)(3)(E), each of the charges that Huzinec faces carries a presumption that no condition or combination of conditions will reasonably assure the safety of the community. The allegations and admissions about using a position of trust to photograph a minor would be particularly disturbing if proven at trial. The Government appears to have evidence of numerous downloaded files as well. If the Government proves its allegations at trial then Huzinec's employment and community service history—with two organizations dedicated to regular contact with minors—would suggest a premeditated effort to facilitate criminal conduct. *Cf. U.S. v. Runnerstrand*, No. 08-20119, 2008 WL 927774, at *2 (E.D. Mich. Apr. 4, 2008) (denying bail in part because "not only did Defendant allegedly commit

the acts charged, but he abused his position of trust and authority in order to groom the victim to engage in sexually explicit conduct"); *U.S. v. Reinhart*, 975 F. Supp. 834, 838 n.5 (W.D. La. 1997) (denying bail in part because defendant "was a Boy Scout troop leader, and was also involved in another local organization which placed him in a position of trust and close proximity with one or more boys"). This context makes the Court mindful that the United States Probation Office could do only so much to monitor Huzinec, especially considering that Huzinec would be living alone at the proposed residence and has a history of possessing numerous electronic devices. Another case within the circuit expresses well the Court's thinking about the limitations of monitoring:

> To the extent defendant suggests that this Court's reasoning would require all defendants charged by child pornography offenses to be detained, the Court disagrees. Although the vulnerability of home detention to the use of electronic devices by defendants to commit illegal activities obviously carries across many types of violent activities, that vulnerability must be weighed in each individual case in conjunction with all of the other factors that the Court must consider under the Bail Reform Act. Thus, each situation is case-specific. In fact, this Court has released defendants who have been charged with child pornography offenses in other cases on strict bail conditions, including home detention. Therefore, it should be clear that the Court is not articulating, in theory or in practice, a categorical rule that home detention, or other strict bail conditions, will be insufficient to ensure the safety of the community in every single case charging child pornography offenses.

*U.S. v. Valerio*, No. 14-CR-94 JFB, 2014 WL 1285890 (E.D.N.Y. Apr. 1, 2014).

Huzinec's argument about statutory definitions does not affect the above factors. In any event, the argument is a challenge to the factual sufficiency of the

5

Government's evidence, an argument best reserved for trial. *Cf. U.S. v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.").

The above factors suffice to establish, by clear and convincing evidence, that Huzinec would pose a danger to the community if released. Huzinec has not presented enough information to rebut the presumption against him or to persuade the Court even without the presumption.

**CONCLUSION**

For all of the foregoing reasons, the Court grants the Government's motion for detention.

Huzinec will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's continued order of detention, and pursuant to 18 U.S.C. § 3142(i)(3), the Attorney General must afford Huzinec reasonable opportunity for private consultation with counsel. *See also U.S. v. Rodriguez*, No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014) (Scott, *M.J.*). Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Huzinec is

confined must deliver Huzinec to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order will be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

_/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: February 6, 2015