IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.   15-CR-28-LJV

DANIEL HUZINEC,

               Defendant.

## PLEA AGREEMENT

The defendant, DANIEL HUZINEC, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Superseding Indictment, charging a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (Receipt of Child Pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim or victims' compensable losses as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the pleas of guilty based upon any restitution amount ordered by the Court.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to life, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and

addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.     ELEMENTS AND FACTUAL BASIS

6.     The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

    a.     the defendant knowingly received a visual depiction;

3

    b.    the visual depiction was shipped or transported using any means or facility of interstate or foreign commerce and that had been shipped or transported in and affecting interstate or foreign commerce by any means, including by computer;

    c.    the visual depiction contained child pornography as defined in Title 18, United States Code, Section 2256(8); and

    d.    the defendant knew that the visual depiction contained child pornography.

## FACTUAL BASIS

7.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.    On or about November 13, 2014, in the Western District of New York, the defendant, DANIEL HUZINEC, did knowingly receive emails containing visual depictions of child pornography.

    b.    In November 2014, the defendant, concealing his identity and posing as an underage girl "Jennifer", began corresponding with a fifteen year old child (Victim 1) via email. The defendant asked Victim 1 to send him sexually explicit pictures. During this time, the defendant, as his true self, sent text messages to Victim 1 encouraging Victim 1 to send sexually explicit pictures to "Jennifer".

    c.    On or about November 13, 2014, the defendant, posing as "Jennifer", received emails from Victim 1 that contained sexually explicit pictures of Victim 1. The defendant opened the images and saved them on his personal computer.

    d.    The defendant knew he was requesting and receiving sexually explicit pictures from a child who had not yet reached the age of 18.

    e.    The images were transmitted to the defendant in interstate commerce using a computer or interactive computer service, namely, an email service.

4

Relevant conduct

    a.    On or about January 2015, the exact date being unknown, the defendant, DANIEL HUZINEC, did use a minor, that is Victim 2, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

    b.    Specifically, in January of 2015, the defendant chaperoned an overnight trip in the Western District of New York. Sometime during the night, the defendant entered the room of sleeping minors and used his camera phone, manufactured outside of New York State, to take pictures of the penis of Victim 2, a sixteen-year-old boy. The defendant admits to manipulating Victim 2's penis to a position that he deemed more appealing and taking sexually explicit pictures of the penis of Victim 2, including a picture with the defendant's hand holding the penis of Victim 2. The defendant transferred the pictures from his phone to his laptop computer containing a hard drive manufactured outside of New York State, which was seized during the execution of a search warrant at the defendant's residence on January 27, 2015.

    c.    The defendant admits that at the time he took the pictures he knew that Victim 2 was under the age of eighteen, Victim 2 was sleeping and could not resist the defendant's actions, and that at least one of the images he took of Victim 2 constitutes child pornography.

### III.    SENTENCING GUIDELINES

8.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

9.    Pursuant to Sentencing Guidelines 1B1.2(a), the government and the defendant agree the defendant's sentencing range for imprisonment and fine shall be determined as if

the defendant was convicted of two counts of violating Title 18, United States Code, Section 2251(a), hereinafter referred to as Count 1 (Victim 1) and Count 2 (Victim 2).

## BASE OFFENSE LEVEL

10.    The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction for Counts 1 and 2 and provides for a base offense level of **32**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.    The government and the defendant agree that the following specific offense characteristics do apply:

Count 1

    a.    The two level increase pursuant to Guidelines § 2G2.1(b)(1)(B) (the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years).

    b.    The two level increase pursuant to Guidelines § 2G2.1(b)(A) and (B) (the offense involved the knowing misrepresentation of the defendant's identity and the use of a computer or interactive computer service to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct).

Count 2

    a.    The two level increase pursuant to Guidelines § 2G2.1(b)(2)(A)(the offense involved commission of sexual contact).

12. The government maintains that the following specific offense characteristic does apply to Count 2:

    a. The two level increase pursuant to Guidelines § 2G2.1(b)(5)(the minor was in the care and custody of the defendant at the time of the offense).

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

13. The government and the defendant agree that the following specific offense characteristic does apply to Count 2:

Count 2

    a. The two level increase pursuant to Guidelines §3A1.1 (the defendant knew that the victim of the offense was a vulnerable victim because the victim was sleeping and could not resist)

## ADJUSTED OFFENSE LEVEL

14. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction for Count 1 is 36.

15. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is 38 or 36.

## COMBINED ADJUSTED OFFENSE LEVEL

16. The government and the defendant agree that pursuant to Guidelines 2G2.1(d)(1) and 3D1.2(d), the offenses of conviction under Counts 1 and 2 do not group together, and that it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 40 or 38.

## ACCEPTANCE OF RESPONSIBILITY

17. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 37 or 35.

## CRIMINAL HISTORY CATEGORY

18. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

19.  (a) It is the understanding of the government and the defendant that if the Court determines that Guidelines § 2G2.1(b)(5)(the minor was in the care and custody of the defendant at the time of the offense) does apply to Count 2, with a total offense level of 37 and criminal history category of I, and taking into account the applicable statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 210 to 240 months, a fine of $20,000 to $200,000, and a period of supervised release of five years to life.

(b) It is the understanding of the government and the defendant that if the Court determines that Guidelines § 2G2.1(b)(5)(the minor was in the care and custody of the defendant at the time of the offense) does not apply to Count 2, with a total offense level of 35 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 168-210 months, a fine of $20,000 to $200,000, and a period of supervised release of five years to life.

(c) Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement

20.  The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention

of the Court all information deemed relevant to a determination of the proper sentence in this action.

21. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

22. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the defendant's production, receipt, distribution or possession of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

23. The defendant understands that the government has reserved the right to:
   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems

10

        relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

24.    At sentencing, the government will move to dismiss the remaining open counts of the Superseding Indictment in this action.

25.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.     APPEAL RIGHTS

26.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

27.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

12

## VII. FORFEITURE PROVISIONS COMPUTERS

29. The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). These assets include:

    a. Dell Inspiron 17R laptop computer bearing serial number BVPBSX1.

    b. Apple iPhone bearing serial number DNWNGNBRG5MC.

    c. Western Digital MyPassport hard drive bearing serial number WX11AC3W0698.

30. The Forfeiture and Judgment of the above listed property will be referenced in the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim. The defendant hereby waives any other notice of such Order.

31. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

32.  The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

33.  The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

34.  The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, DANIEL HUZINEC, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY: *Stephanie Lamarque*
STEPHANIE LAMARQUE
Assistant United States Attorney

Dated: January 17, 2017

I have read this agreement, which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, James P. Harrington, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DANIEL HUZINEC
Defendant

_____
JAMES P. HARRINGTON, ESQ.
Attorney for the Defendant

Dated: January 17, 2017

Dated: January 17, 2017