IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                           15-CR-28-LJV

DANIEL HUZINEC,

                 Defendant.

**RESPONSE TO DEFENDANT'S
OBJECTION TO SENTENCING FACTORS**

The United States of America, through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Stephanie Lamarque, Assistant United States Attorney, of counsel, hereby files its response to defendant's objections to paragraphs 15 and 37 of the Presentence Investigation Report ("PSR") (Docket #95).

**I.    BACKGROUND**

On January 17, 2017, pursuant to written Plea Agreement, the defendant pled guilty to receipt of child pornography in violation of Title 18, United States Code, Section 2252A)(a)(2)(A)(receipt of child pornography).

The defendant specifically reserved his right to argue that the minor victim was not in the care and custody of the defendant at the time of the offense and thus the two point enhancement under United States Sentencing Guidelines (USSG) Section 2G2.1(b)(5) did not apply to Count 2. (Plea Agreement, Dkt. #68 ¶ 12). On January 26, 2018, the

defendant filed his Sentencing Statement and Objections to Presentence Investigation Report. (Dkt. #95).

## II. DISCUSSION

a. Enhancement under Section 2G2.1(b)(5)

The defendant argues that he was not a chaperone on the camping trip and that the scoutmaster and the defendant's father, a committee chair member for the troop, were the "the individuals with responsibility for the custody, care, and supervisory control of the troop members. Mr. Huzinec did not bear this responsibility. He accompanied the troop as someone who would assist in the outdoor daily activities of the scouts. The scoutmaster and his father were staying at the same facility and were responsible for them at night." (Dkt. #95, ¶1).

The government disagrees. The two point "care and custody" enhancement under Section 2G2.1(b)(5) was properly applied. As detailed in the Application Note 5, "Subsection (b)(5) is intended to have *broad application* and includes offenses involving a *minor entrusted to the defendant*, whether temporarily or permanently . . .In deciding whether to apply the enhancement, the court should look to the factual relationship that existed between the minor and not simply to the legal status of the defendant-minor relationship." (emphasis added). The defendant's interpretation of § 2G2.1(b)(5) does not give the provision the broad application advocated by the Guidelines Commission. The troop's official roster for March 2014 through February 2015 reflects that the defendant's title was

"assistant scoutmaster".[1] The scoutmaster present on the camping trip in question confirmed to the government that an assistant scoutmaster is a leadership position within the organization. An assistant scoutmaster is responsible for teaching and being responsible for the children as well as abiding by Scout Law. Assistant scoutmasters must complete Youth Protection training. On the camping trip in question, the defendant, as a leader, was responsible for the minor scouts as he would be any other time, including supervising the children if the other chaperones were not present. The scoutmaster confirmed that in his role as assistant scoutmaster, the defendant was also allowed to take minor scouts out on his own during the camping trip. As the defendant agrees, he was one of three adults present on the camping trip. The defendant was entrusted by the parents who allowed their children to go on an overnight camping trip where he would be serving in his leadership role as an assistant scoutmaster, and the defendant abused that trust.[2]

It further bears noting that when interviewed in January 2015, the defendant stated to law enforcement that he was "chaperoning [the victim] on a Boy Scout camping trip." In a letter written shortly after his 2015 arrest for the instant offense, the defendant describes his role in the troop as follows:

> I wish I could tell their parents how much I truly care about helping them grow into the amazing people that I know they will be. I

---

[1] Because of the large amount of sensitive information contained in the Roster, the government is not filing the Roster as an exhibit, but will make it available to the Court and Counsel for inspection if necessary.

[2] Even if the parents had not entrusted their children to the defendant, the enhancement would still apply because the defendant had supervisory control over the victim. *See United States v. Alfaro,* - F.3d -, 2009 WL 113784 (5th Cir. 2009) (36-year-old defendant had care, custody or supervisory control over 15-year-old sister-in-law, even though the parents of the minor had not entrusted the defendant to care for the minor); *United States v. Martin,* 291 Fed.Appx. 765,768 (6th Cir. 2008) (unpublished) (enhancement applied when minors were left by parents in the care of a photographer who was purportedly training them for modeling jobs); *United States v. Carson,* 539 F.3d 611, 612 (7th Cir. 2008) (boyfriend of non-custodial parent qualified for enhancement when minor's guardian aunt allowed the minor to visit his mother and the defendant).

3

> dedicated so much of my life to them. My free time, weekends, summers all to help their kids grow, mature, learn, and advance . . .
>
> I have been so involved in helping him [referring to the victim] navigate life these last few years that it pains me to know that I am goin [sic] to miss his ECOH and all his other milestones.

Defendant's Letter, attached hereto as Exhibit A at p. 1. He goes on to reference his "fellow leaders" from the troop. Exhibit A at p. 2.

The defendant clearly considered himself a leader in the troop, as well as a teacher and mentor to the boy scouts and the victim in particular; this is the factual relationship the Court should consider when deciding whether to apply Section 2G2.1(b)(5). His relationship with the scouts, and role within the organization and on the camping trip falls squarely within the broad application advocated by the Guidelines Commission for the enhancement under Section 2G2.1(b)(5).

    b.    **Statement in PSR ¶15**

The defendant objects to the factual statement in the last sentence of PSR ¶15. He denies that he made the statement alleged to the officers. The statement is contained in the Report of Investigation dated February 9, 2015, documenting his January 27, 2015 interview with law enforcement. The government stands by the contents of the February 9, 2015 Report of Investigation, including the factual statement contained in PSR ¶15.

### III. CONCLUSION

For the foregoing reasons, the Court should accept the recommendation in the PSR and find that the two point enhancement under USSG Section 2G2.1(b)(5) applies.

DATED: Buffalo, New York, February 1, 2018

        JAMES P. KENNEDY, JR.
        United States Attorney

BY:    s/ STEPHANIE LAMARQUE
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York  14202
        716-843-5894
        stephanie.lamarque@usdoj.gov