UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL HUZINEC,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____

                                20-CV-970
                                15-CR-28
                                DECISION & ORDER

      The petitioner, Daniel Huzinec, has moved *pro se* to vacate his sentence under

28 U.S.C. § 2255.  No. 20-CV-970[1]; No. 15-CR-28, Docket Item 123.  For the following

reasons, Huzinec's motion is denied.

## **FACTUAL BACKGROUND**

      On January 17, 2017, Huzinec pleaded guilty to Count 2 of the superseding

indictment in 15-CR-28, which charged a violation of 18 U.S.C. § 2252A(a)(2)(A)

(receipt of child pornography).  *See* Docket Item 120 (plea transcript).  Before pleading

guilty, Huzinec and his counsel signed a written plea agreement.  Docket Item 68.  In

that agreement, Huzinec and the government agreed that Huzinec's "sentencing range"

under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") would "be

determined as if the defendant was [sic] convicted of two counts of violating" 18 U.S.C.

§ 2251(a) (production of child pornography).  *Id.* at ¶ 9.  In other words, even though

_____

[1] All citations are to the criminal docket in 15-CR-28 unless otherwise noted.

Huzinec pleaded guilty to only one count of receipt of child pornography, his Guidelines range was calculated based on two counts of production.

Huzinec and the government also agreed to a number of adjustments to his offense level under the Guidelines. *See, e.g., id.* at ¶¶ 11, 13. For example, they agreed that Huzinec's offense level would be increased by two levels under section 3A1.1(b)(1) of the Guidelines because Huzinec "knew that the victim of the offense was a vulnerable victim . . . ."[2] *See id.* at ¶ 13. But they agreed to disagree about whether the victim was in Huzinec's care and custody at the time of the offense and therefore whether there should be an additional two-level enhancement under Guidelines section 2G2.1(b)(5).[3] *See id.* at ¶¶ 12, 19; Docket Item 120 at 35-36. Nevertheless, Huzinec explicitly waived his right to appeal or collaterally attack his conviction or a sentence within the Guidelines range even if the Court found that the enhancement applied. *See* Docket Item 68 at ¶ 26; Docket Item 120 at 39-40.

On February 15, 2018, this Court accepted the plea agreement, applied the two-level increase under Guidelines section 2G2.1(b)(5), and calculated Huzinec's Guidelines range as including a term of imprisonment of 210 to 240 months. Docket Item 119 at 11-12, 16, 22. The Court also granted the government's motion for sentencing-related relief under Guidelines section 5K1.1 and therefore recalculated the

---

[2] *See* U.S.S.G. § 3A1.1(b)(1) ("If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase [the defendant's offense level] by 2 [sic] levels.").

[3] *See* U.S.S.G. § 2G2.1(b)(5) ("If the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant, increase [the defendant's offense level] by 2 [sic] levels.").

Guidelines range to be 168 to 210 months. *Id.* at 22-23. The Court then sentenced Huzinec to the low end of the Guidelines range of imprisonment; more specifically, the Court sentenced Huzinec to 168 months' imprisonment, no fine, and supervised release for life.[4] *See id.* at 44, 50. The Court entered judgment on February 22, 2018. Docket Item 112.

On March 7, 2018, Huzinec appealed to the Second Circuit. Docket Item 114. On appeal, Huzinec argued that the Court erroneously applied two sentencing enhancements and that his sentence was "substantively unreasonable."[5] Brief of Defendant-Appellant, *United States v. Huzinec*, No. 18-648-CR (2d Cir. Oct. 16, 2018); *see also* Supplemental *Pro Se* Brief of Defendant-Appellant, *United States v. Huzinec*, No. 18-648-CR (2d Cir. Jan. 22, 2019). The Second Circuit dismissed Huzinec's appeal on July 22, 2019, finding that the appeal waiver in his plea agreement barred his appeal but that his ineffective assistance of counsel claim could be "renew[ed] in a collateral proceeding, such as one brought pursuant to 28 U.S.C. § 2255." Order, *United States v. Huzinec*, No. 18-648-CR (2d Cir. July 22, 2019).

About a year later, Huzinec moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket Item 123. Huzinec then filed a memorandum in support of his motion on July 30, 2020. Docket Item 127. On November 6, 2020, the

---

[4] That sentence was also below the Guidelines range calculated in the plea agreement. *See* Docket Item 68 at ¶ 19(a).

[5] The sentencing enhancements that Huzinec argued the Court "erroneously applied" were U.S.S.G. § 3A1.1(b)(1) (the vulnerable victim enhancement) and U.S.S.G. § 2G2.1(b)(5) (the custody, care, and control enhancement). *See* Brief of Defendant-Appellant at 24-33.

government responded, Docket Item 130, and Huzinec replied on February 19, 2021,

Docket Item 135.

## DISCUSSION

Huzinec seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  A court may dismiss a section 2255 petition without first

conducting a hearing if the petition and record "conclusively show" that the petitioner is

not entitled to the relief that he seeks.  *Id.* § 2255(b).

Huzinec asks the Court to vacate his sentence because his trial counsel provided

ineffective assistance to him.  More specifically, Huzinec argues that his attorney was

ineffective because he did not move to dismiss the indictment on the basis of pretrial

delay, among other reasons; move to suppress or challenge the use of Huzinec's self-

incriminating statements; adequately investigate the case or consider possible

defenses; object to the presentence investigation report; and object to sentencing

enhancements to which he agreed in the plea agreement.  Docket Item 127 at 5-20, 34-

37.  Huzinec also asserts that the prosecutor "suppressed exculpatory and

impeach[ment] evidence causing prejudice."  *Id.* at 21; *see Giglio v. United States*, 405

U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).

In connection with his plea, Huzinec argues that his attorney failed to inform him

about the charge against him, erroneously advised him to plead guilty, and failed to

4

move to withdraw the plea despite good reason to do so. *See id.* at 22-33.  He also

asserts that his appellate counsel was ineffective when he failed to raise all the issues

that his trial counsel should have raised and to argue his trial counsel's ineffectiveness.

*Id.* at 38-39.  The government responds that most of Huzinec's claims are barred by the

waiver in his plea agreement, that counsel was not ineffective, and that none of the

alleged deficiencies prejudiced Huzinec.  Docket Item 130 at 6, 11-13.

## I.    APPEAL/COLLATERAL ATTACK WAIVER

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally

attack his conviction and/or sentence is enforceable."  *Sanford v. United States,* 841

F.3d 578, 580 (2d Cir. 2016).  Such waivers "are applicable to issues arising

subsequent to the plea agreement."  *United States v. Haynes,* 412 F.3d 37, 38 (2d Cir.

2005).

By pleading guilty, Huzinec waived his right to challenge his conviction, and he

therefore waived his right to raise most of the issues about which he claims that his

lawyer was ineffective.  *See United States v. Maher*, 108 F.3d 1513, 1528 (2d Cir. 1997)

("[A] defendant who pleads guilty unconditionally admits his guilt and waives his right to

appeal all nonjurisdictional contentions.").  Moreover, in the plea agreement, Huzinec

explicitly waived his right to appeal or collaterally attack a sentence within the

Guidelines range:

> The defendant understands that Title 18, United States Code, Section
> 3742[,] affords a defendant a limited right to appeal the sentence imposed.
> The defendant, however, knowingly waives the right to appeal and
> collaterally attack any component of a sentence imposed by the Court which
> falls within or is less than the sentencing range for imprisonment, a fine and
> supervised release set forth in Section III, ¶ 19(a), above, notwithstanding
> the manner in which the Court determines the sentence.  In the event of an

appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

Docket Item 68 at ¶¶ 26-27 (paragraph numbers omitted).  And during the plea colloquy,

the Court ensured that Huzinec understood exactly what he was waiving:

THE COURT:  Okay. Let's look at Section 6, paragraphs 26 to 28.

Mr. Huzinec, do you understand that by entering into this plea agreement and entering a plea of guilty, you're giving up your right to appeal or collaterally attack your conviction?

[HUZINEC]:  Yes.

THE COURT:  Do you also understand that you're giving up your right to appeal or collaterally attack all or part of the Court's sentence as long as that sentence is within or less than the Guidelines range that's in paragraph 19 A of the agreement, that means a term of imprisonment of up to 240 months, that's 20 years; a fine of up to $200,000; a period of supervised release up to life; and the required special assessment of $100?

[HUZINEC]:  Yes.

THE COURT:  Do you understand you're giving up your right to challenge your sentence if it's within or less than that range, even if in the future you learn facts that you don't know now that you think would justify a lesser sentence and even if the law changes in a way that you think would justify a lesser sentence?

[HUZINEC]:  Yes.

THE COURT:  Did you discuss giving up your right to appeal with your lawyer?

[HUZINEC]:  Yes.

THE COURT:     Based on that discussion and having considered this issue
now, do you agree to give up your right to appeal on the
terms and conditions I just stated?

[HUZINEC]:     Yes.

Docket Item 120 at 39-40.

Huzinec's argument that his counsel was ineffective for not raising arguments that he waived by virtue of his plea tries to get in through the back door what cannot come in through the front. For example, he argues that his attorney was ineffective by not moving to dismiss the indictment or to suppress Huzinec's self-incriminating statements and by not investigating the case or considering possible defenses—issues that he waived by pleading guilty. *See Maher*, 108 F.3d at 1528. Likewise, he argues that counsel was ineffective when he failed to object to certain sentencing enhancements, but Huzinec either agreed to those enhancements, or agreed to disagree about them, in the plea agreement. Because those arguments are barred by the signed waiver in Huzinec's plea agreement as reinforced by the Court during the plea colloquy, Huzinec cannot raise them now. *See Sanford*, 841 F.3d at 580.

In sum, by virtue of his plea agreement, Huzinec indicated that he understood and knowingly, intelligently, and voluntarily waived his rights to non-plea process-related claims—including the right to plead not guilty; the right to a speedy and public trial by jury; and the right to be protected from compelled self-incrimination. Docket Item 120 at 8-11. Those are some of the very claims that Huzinec now seeks to assert.[6] Because Huzinec waived those rights, he cannot now use them to attack his conviction.

---

[6] Huzinec also alleges that the government suppressed exculpatory and impeachment evidence and argues that this suppression prejudiced him. *See* Docket Item 127 at 21. In *United States v. Ruiz*, 536 U.S. 622 (2002), the Supreme Court held

7

## II.    INEFFECTIVE ASSISTANCE IN CONNECTION WITH THE PLEA

Huzinec also contends that his counsel was ineffective during the plea and plea-negotiation process because counsel did not inform him of the true nature of the charge against him and erroneously recommended that he plead guilty.  Docket Item 127 at 22-33.  For that reason, he argues, his plea was not knowing and voluntary.  *Id*.

A defendant who has waived his right to appeal and to collaterally attack his conviction and sentence still may raise an ineffective assistance of counsel claim "challenging 'the constitutionality of the *process* by which he waived [his rights].'"  *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (emphasis and alteration in original) (quoting *United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir. 2001)); *see also United States v. Lloyd*, 901 F.3d 111, 124 (2d Cir. 2018) (explaining that a defendant's "guilty plea [is] invalid and his appeal waiver [is] unenforceable if he prevail[s] on his claim that he received constitutionally ineffective assistance of counsel during his plea proceedings").  That is because "challenging the attorney's *advice* about [the defendant's] bargaining position[ ] connect[s] the knowing and voluntary nature of the

---

that the failure to disclose impeachment evidence prior to a guilty plea does not violate the Constitution because impeachment information is relevant to the fairness of trial, not the voluntariness of a plea.  *Id.* at 629-33.  Thus, the suppression of impeachment evidence cannot provide the basis for challenging Huzinec's guilty plea.  *See Friedman v. Rehal*, 618 F.3d 142, 153 (2d Cir. 2010)*.*  Whether the suppression of *exculpatory* evidence can provide that basis is less clear.  In *Friedman*, the Second Circuit suggested that *Ruiz* cast doubt on whether undisclosed *Brady* material provides the basis for challenging a guilty plea, *see id.* at 154, but district courts in this Circuit have continued to apply *Brady* in the plea context. *See United States v. Overton,* 2020 WL 6948981, at *5 (W.D.N.Y. Nov. 25, 2020) (concluding that *Brady* applies to motion to withdraw plea); *United States v. Chua*, 349 F. Supp. 3d 214, 219 (E.D.N.Y. 2018) (same for petition under 28 U.S.C. § 2255).  In any event, Huzinec's claim fails for a more basic reason.  Huzinec offers nothing more than his bare assertions that the prosecution withheld undisclosed evidence that would have been favorable to him and that the purported suppression of that evidence was prejudicial; for that reason, he has not alleged a factual basis sufficient to challenge his plea on this ground.

defendant's plea decision with the attorney's conduct."  *Parisi,* 429 F.3d at 139

(emphasis in original).  To succeed on a claim of ineffective assistance of counsel, a

defendant must "(1) demonstrate that his counsel's performance 'fell below an objective

standard of reasonableness' in light of 'prevailing professional norms'; and (2)

'affirmatively prove prejudice' arising from counsel's allegedly deficient representation."

*United States v. Cohen,* 427 F.3d 164, 167 (2d Cir. 2005) (citations omitted) (quoting

*Strickland v. Washington,* 466 U.S. 668, 688, 693 (1984)).

Under the first prong, there is a "strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance."  *Strickland,* 466 U.S. at

689.  The petitioner may overcome this presumption by showing "that counsel's

representation was unreasonable under prevailing professional norms and that the

challenged action was not sound strategy."  *Kimmelman v. Morrison*, 477 U.S. 365, 381

(1986); *Strickland,* 466 U.S. at 689.  In considering whether counsel "failed to exercise

the skills and diligence that a reasonably competent attorney would provide under

similar circumstances," *Boria v. Keane,* 99 F.3d 492, 496 (2d Cir. 1996), courts look to

the totality of the circumstances, are "highly deferential," and make "every effort . . . to

eliminate the distorting effects of hindsight," *Strickland,* 466 U.S. at 689.

Under the second prong, the petitioner must show "a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been

different."  *Id.* at 694.  "A reasonable probability" is "a probability sufficient to undermine

confidence in the outcome," *id.*, including "the overall integrity of the proceeding,"

*Santiago-Diaz v. United States*, 299 F. Supp. 2d 293, 300 (S.D.N.Y. 2004).  "It is not

enough 'to show that the errors had some conceivable effect on the outcome of the

proceeding.'  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 446 U.S. at 687).

Huzinec's argument that he pleaded guilty as a result of his attorney's ineffective assistance fails for several reasons.  Huzinec suggests several times that his attorney did not inform him of the "true nature of the charge[]" against him.[7]  *See* Docket Item 127 at 24, 26, 27, 29; *see also id*. at 31, 32 ("true nature of offense[]").  But at the plea hearing Huzinec swore that he discussed the nature of the charge and its elements with his attorney and that he understood both.  *See* Docket Item 120 at 14-15.  And even if his counsel had not met his obligation to ensure that Huzinec understood the nature of the charge against him, this Court certainly did:

> THE COURT:  Okay. Let's look at the charges and the penalties in paragraphs 1 through 5 of the plea agreement.
>
> Mr. Huzinec, you're agreeing to plead guilty to one of the charges against you, and that's Count 2 of the superseding indictment alleging that you violated Title 18, United States Code, Section 2252(a)(a)(2)(A), receipt of child pornography which is a felony.
>
> The elements of that charge, that means what the government would be required to prove beyond a reasonable doubt if the case went to trial, are: That you knowingly received a visual depiction; that the visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means including by a computer or was shipped by means or facility that had been shipped or transported in interstate or foreign commerce by any means including by computer; that the

---

[7] Huzinec repeatedly refers to the "charges" against him in arguing that his counsel was ineffective in advising him throughout the plea process.  *See, e.g.*, Docket Item 127 at 26-27.  But Huzinec pleaded guilty to only one count charged in the superseding indictment—a charge that, as explained below, this Court thoroughly reviewed in the plea colloquy.

visual depiction contained child pornography as that term is defined in Title 18, United States Code, Section 2256(8); and that you knew that the visual depiction contained child pornography.

Mr. Huzinec, do you understand the nature of the charge?

[HUZINEC]:      Yes.

THE COURT:      Do you understand the elements of the charge?

[HUZINEC]:      Yes.

*Id*.

During the plea colloquy, Huzinec also swore that he was pleading guilty

voluntarily and was not relying on any promises other than those in the plea agreement:

THE COURT:      Other than what's contained in the written plea agreement, has anyone made any promises, representations or guarantees of any kind to you in an effort to get you to plead guilty this case?

[HUZINEC]:      No.

THE COURT:      Other than what's in the written plea agreement, what may have been stated here in open court and a general discussion of the sentencing guidelines with your lawyer, has anyone made any promises of leniency or a particular sentence or probation or any other inducement of any kind to get you to plead guilty?

[HUZINEC]:      No.

THE COURT:      Has anyone attempted in any way to threaten you, threaten a family member, or threaten anyone close to you in an effort to get you to plead guilty?

[HUZINEC]:      No.

THE COURT:      Is anyone forcing you to plead guilty?

[HUZINEC]:      No.

| THE COURT: | Now whether you plead guilty is your decision, it's not your lawyer's.  You should do what you want to do, not what your lawyer wants you to do, not what I want you to do, not what anyone else wants to do, it's what you want to do. Do you want to plead guilty? |
| --- | --- |
| [HUZINEC]: | Yes. |
| THE COURT: | And are you deciding to plead guilty voluntarily and of your own free will? |
| [HUZINEC]: | Yes. |

*Id.* at 13-14.

Likewise, Huzinec swore that he understood and agreed with everything in the plea agreement, *id.* at 12, 40; that he believed that if the case went to trial, the government would be able to prove beyond a reasonable doubt each essential element of the crime to which he pleaded guilty, *id.* at 15; that he understood the potential consequences of his plea as well as the Guidelines calculations, all of which the Court addressed in painstaking detail, *id.* at 16-23, 31-37; and that he actually did the things the plea agreement said he did as charged in the indictment, *id.* at 24-31.  And Huzinec assured this Court—twice—that he was satisfied with his counsel's advice and representation.  *Id.* at 7-8, 43-44.  In other words, there is no doubt that Huzinec pleaded guilty because he was guilty, that he well understood exactly what he was pleading guilty to as well as the possible and likely consequences of that plea, and that his decisions were informed and voluntary.  Seen in that light, Huzinec's claim looks more like buyer's remorse than a viable attack on his attorney's performance.

Huzinec's plea colloquy with this Court was not a "mere formality" but a "grave and solemn act." *United States v. Arteca*, 411 F.3d 315, 319 (2d Cir. 2005) (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)).  His statements under oath at the

12

plea hearing are presumed to be true "and are generally treated as conclusive in the face of [a] later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999). For that reason, a court may rely on a defendant's acknowledgment under oath "that he understood the consequences of his plea, had discussed the plea with his attorney, and knew that he could not withdraw the plea." *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009) (alterations, citation, and internal quotation marks omitted). Huzinec's naked assertions that he did not understand the consequences of his plea are therefore insufficient to overcome his repeated statements, under oath, to the contrary.

Huzinec's argument that his trial counsel was inadequate also fails because it is conclusory: Huzinec offers no reason why his counsel's performance fell outside the realm of "reasonable professional assistance." *Strickland*, 466 U.S. at 689. In both his motion and his reply, Huzinec neglects to include any evidence that his counsel's strategy was "not [a] sound strategy." *Kimmelman*, 477 U.S. at 381; *Strickland*, 466 U.S. at 689. His assertion that he suffered a "complete miscarriage of justice" is nothing more than just that: an assertion. Docket Item 135 at 3. In fact, none of his arguments suggest that his experienced and able trial counsel dropped the ball.

In sum, Huzinec cannot meet either prong of the test for ineffective assistance of counsel. His trial counsel was not ineffective. And even if he had been, the Court's detailed plea colloquy ensured that counsel's ineffectiveness would not have prejudiced Huzinec in any way.[8]

---

[8] Because Huzinec's challenges to his conviction and sentencing and to his trial counsel's representation lack merit, his contention that his counsel "was ineffective for not filing a motion to withdraw the plea" likewise fails. Docket Item 127 at 23.

## III.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Huzinec also argues that his appellate counsel was ineffective because he failed to raise the same arguments on appeal that Huzinec asserts trial counsel should have raised and failed to argue on appeal that trial counsel was ineffective.  Docket Item 127 at 38-39.

*Strickland* applies equally to claims of ineffective assistance of appellate counsel. *See Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992).  "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  For the same reasons that Huzinec's challenges to his trial counsel's performance lack merit—namely, Huzinec's explicit waiver of the very issues he presses here—his claims of ineffective assistance of appellate counsel for not raising those same issues fail as well.  *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) ("The failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [the defendant] was entitled." (citation and internal quotation marks omitted)).

 Huzinec's claim that appellate counsel was deficient in failing to argue the ineffective assistance of trial counsel also lacks merit.  As noted above, the record is devoid of any facts suggesting that able and experienced trial counsel provided ineffective assistance.  For that reason, ineffective assistance of counsel usually is an issue better suited to a post-conviction motion than to an appeal.  *See United States v. Doe,* 365 F.3d 150, 154 (2d Cir. 2004) ("[A] collateral proceeding under section 2255," not a direct appeal, "provides the defendant with an ample remedy for any ineffectiveness claim.").

14

What is more, Huzinec now has raised the same ineffective assistance of counsel claims that he faults his appellate counsel for not raising—claims that, as set forth above, lack merit.  So even if appellate counsel were ineffective, that ineffectiveness did not prejudice Huzinec.  *See Parsons v. Artus,* 2020 WL 2572739, at *40 (W.D.N.Y. May 21, 2020) ("Given that [the petitioner] has not established a meritorious claim of ineffectiveness of trial counsel, he cannot show that he was prejudiced by appellate counsel's decision not to raise such a claim on direct appeal.").

In sum, most of Huzinec's claims of ineffective assistance of appellate counsel fail because his appeal waiver rendered the issues meritless on appeal.  And the others fail both because the record was insufficient for appellate counsel to raise those claims and because Huzinec now has had an opportunity to raise them.

## CONCLUSION

For all the above reasons, Huzinec's motion to vacate his sentence, Docket Item 123, is DENIED.  His petition in W.D.N.Y. Case No. 20-CV-970 is DISMISSED, and the Clerk of the Court shall close that case.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

15

Huzinec must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   January 5, 2022
          Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE